956 A.2d 346

IN THE MATTER OF DARREN J. BRENT,
AN ATTORNEY AT LAW.

September 18, 2008.

**ORDER**

The Disciplinary Review Board having filed with the Court its decision in DRB 08–136, concluding that as a matter of reciprocal discipline pursuant to *Rule* 1:20–14(a)(4)(E), **DARREN J. BRENT** of **HOLLYWOOD, FLORIDA,** who was admitted to the bar of this State in 1994, should be suspended from the practice of law for a period of two years based on discipline imposed in Florida for unethical conduct that in New Jersey violates *RPC* 1.1(a) (gross neglect), *RPC* 1.3 (lack of diligence), *RPC* 1.4(b) (failure to keep clients reasonably informed about the status of matters and to comply with reasonable requests for information), *RPC* 1.4(c) (failure to explain matters to the extent reasonably necessary to permit clients to make informed decisions about the representation), *RPC* 1.5(a) (unreasonable fee), *RPC* 3.4(c) (knowingly disobeying an obligation under the rules of a tribunal), *RPC* 5.5(a)

(unauthorized practice of law), *RPC* 8.1(b) (failure to cooperate with disciplinary authorities), *RPC* 8.4(a) (violate or attempt to violate the *RPCs* ), *RPC* 8.4(d) (conduct prejudicial to the administration of justice), and *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation);

And the Disciplinary Review Board having further concluded that respondent should not be reinstated to practice in New Jersey until he is reinstated to practice in Florida;

And good cause appearing;

It is ORDERED that **DARREN J. BRENT** is suspended from the practice of law for a period of two years and until the further Order of the Court, effective immediately; and it is further

ORDERED that **DARREN J. BRENT** shall not be reinstated to the practice of law in New Jersey unless and until he is reinstated to practice in Florida; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.